UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PRIORITY RECORDS L.L.C.,
ELEKTRA ENTERTAINMENT GROUP
INC., MOTOWN RECORDS COMPANY, L.P.,
WARNER BROS. RECORDS, INC., SONY
MUSIC ENTERTAINMENT INC., UMG
RECORDINGS, INC., and ARISTA
RECORDS, INC.,                                    CASE NO. 04-CV-73645-DT
                                                  HON. LAWRENCE P. ZATKOFF
      Plaintiffs,

vs.

CANDY CHAN,

      Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I.  INTRODUCTION**

This matter is before the Court on Plaintiffs' Motion to Dismiss Candy Chan with prejudice (Docket # 25). Defendant has filed a response and the reply period has expired. The facts and legal arguments are adequately set forth in the briefs submitted. Therefore, finding that the determination of the issues will not be aided by oral argument, and pursuant to E.D. Mich. Local R. 7.1(e), this Court ORDERS that Defendants' Motion to Dismiss be decided upon the briefs submitted, without this Court entertaining oral arguments. For the reasons that follow, Plaintiffs' Motion to Dismiss is GRANTED. Accordingly, Candy Chan's Motion to Compel (Docket #18) and the parties Stipulation to Continue Without Date (Docket #26) are hereby DISMISSED AS MOOT.

## II. BACKGROUND

Plaintiffs filed the instant suit against Candy Chan because an e-mail address at an Internet Protocol ("IP") address registered to Candy Chan allegedly was used to copy files of the Plaintiffs and participate in the peer-to-peer distribution of such files. Plaintiffs therefore commenced this lawsuit and named her as the Defendant. A scheduling conference was held on December 14, 2004, at which time Candy Chan's counsel revealed for the first time that one of her children might have used the e-mail address in question ("*spicybrwneyedgrl@fileshare*"). The Court adjourned the scheduling conference for 60 days in order to allow Plaintiffs to add any necessary parties and amend their Complaint, if necessary. In an effort to satisfy the Court's directive to add parties within the 60-day adjournment period, Plaintiffs sent letters and interrogatories to Candy Chan and her counsel in an effort to determine who the appropriate defendant(s) might be. On February 8, 2005, at a deposition held because Candy Chan had not previously disclosed which of her children might have used the e-mail address, Candy Chan indicated that her daughter, Brittany Chan, used that e-mail address. The parties stipulated to delay the scheduling conference set for February 28, 2005, and to extend the time in which Plaintiffs could file an amended complaint.

Plaintiffs filed a motion for leave to file an Amended Complaint to add Brittany Chan as a defendant and voluntarily dismiss Candy Chan as a defendant without prejudice, without costs to either party. Candy Chan opposed the motion, and asserted that Plaintiffs used a shotgun approach to pursue this action, threatened to sue all of Candy Chan's children and engaged in abusive behavior in an attempt to utilize the court as a collection agency. At a hearing held on March 15, 2005, the Court granted Plaintiffs' motion for leave to add Brittany Chan as a defendant but stated that it would only permit Plaintiffs to voluntarily dismiss Candy Chan if such dismissal was with prejudice. At that time, Plaintiffs withdrew their motion to voluntarily dismiss Candy Chan without prejudice. Subsequent to the March 15, 2005, hearing, Plaintiffs reversed course and now desire to dismiss Candy Chan with prejudice. In a letter to her counsel, Plaintiffs sought concurrence in dismissing Candy Chan with prejudice. Candy Chan's counsel refused to consent to such a

dismissal, even though Plaintiffs agreed to permit her counsel to seek attorney fees (provided Plaintiffs could oppose such motion). Candy Chan filed a response to Plaintiffs' motion to dismiss with prejudice, but other than a conclusory statement in closing, never actually opposed the voluntary dismissal with prejudice. Rather, her response brief focuses on her entitlement to attorney fees as a prevailing party.

### III.  OPINION

The Sixth Circuit has identified four factors to consider in determining whether to grant a voluntary dismissal: (1) the amount of time and effort the defendant has incurred in preparing for trial; (2) any lack of diligence on the part of plaintiff in prosecuting the action; (3) the plaintiff's failure to explain the need for a dismissal; and (4) whether the defendant has filed a motion for summary judgment. *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994).

Here, Candy Chan does not oppose Plaintiffs' motion to voluntarily dismiss Candy Chan with prejudice. In addition, the Court finds that (a) Candy Chan has not spent time preparing for trial, (b) Plaintiffs have not failed to attempt to prosecute the correct party in this action, (c) Plaintiffs have provided a reasonable explanation for why Candy Chan was a party and why Plaintiffs no longer desire to proceed against her, and (d) Candy Chan has not filed a motion for summary judgment or any similar dispositive motion. Therefore, the Court concludes that a dismissal of Candy Chan as a defendant in this action with prejudice is appropriate. Accordingly, Plaintiffs' motion to voluntarily dismiss Candy Chan with prejudice is GRANTED.

The Court now turns to the issue of whether an award of attorney fees is appropriate in this case. Candy Chan implores the Court to exercise its power to treat the voluntarily dismissal of Candy Chan as an adjudication on the merits pursuant to Fed. R. Civ. P. 41(b). Candy Chan notes, 17 U.S.C. § 505 would then authorize the Court to, in its discretion, award Candy Chan reasonable attorney fees as the prevailing party. Candy Chan suggests an award of attorney fees is particularly appropriate where, as in this case, the Plaintiffs have repeatedly brought claims and then dismissed

them after inflicting substantial litigation costs on the opposing party. *Relying on Aerotech, Inc. v. Estes*, 110 F.3d 1523 (10th Cir. 1997).

The Court need not determine whether the dismissal of Candy Chan with prejudice constitutes an adjudication on the merits. Rather, in exercising its discretion, the Court concludes that Candy Chan would not be entitled to attorney fees in conjunction with this case, even if the dismissal were considered an adjudication on the merits. Since filing this action, Plaintiffs have taken reasonable steps to try to prosecute this case and litigate against the proper defendant(s). They brought suit against Candy Chan because she was the registered user for the IP address from which the allegedly improper downloading and file sharing occurred. As evidenced by their letters and motions, Plaintiffs have been trying to take action against only those party responsible. To the extent Candy Chan has incurred legal fees in this action, such fees are primarily the result of tactics designed to impede the ability of Plaintiffs to prosecute this action in an efficient manner. In addition, the Court finds that the reason Plaintiffs have repeatedly filed motions is because Candy Chan has not agreed to fairly simple mechanisms which would accomplish the same objectives that the filing of motions has accomplished. Therefore, Candy Chan's request for attorney fees is denied.

## IV.  CONCLUSION

Accordingly, and for the reasons set forth above, Plaintiffs' Motion to Dismiss Candy Chan with prejudice is GRANTED, and Candy Chan is hereby DISMISSED WITH PREJUDICE. The Court notes that Plaintiffs have failed to add any additional person(s) as a party in this case, notwithstanding the Court granting them leave to do so over two months ago. Therefore, the Court

DISMISSES Plaintiffs' case WITHOUT PREJUDICE as to any persons other than Candy Chan.

Judgment shall be entered accordingly.

    IT IS SO ORDERED.

                                        s/Lawrence P. Zatkoff
                                        LAWRENCE P. ZATKOFF
                                        UNITED STATES DISTRICT JUDGE

Dated: May 19, 2005

## CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on May 19, 2005.

                                        s/Marie E. Verlinde
                                        Case Manager
                                        (810) 984-3290